Gregory J. Sanders, USB No. 2858
Patrick C. Burt, USB No. 11138
KIPP AND CHRISTIAN, P.C.
Attorneys for Defendants
10 Exchange Place, 4th Floor
Salt Lake City, UT  84111
(801) 521-3773

Stanley Yorsz *(admitted pro hac vice)*
David J. Porter *(admitted pro hac vice)*
Corrado Salvatore *(admitted pro hac vice)*
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
(412) 562-8800

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USANA HEALTH SCIENCES, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>BARRY MINKOW, a citizen of California; FRAUD DISCOVERY INSTITUTE, INC., a California corporation; JOHN DOES 1-100,<br><br>        Defendants. | Case No. 2:07CV159TC<br><br>**ANSWER AND DEFENSES OF DEFENDANTS**<br><br>Chief Judge Tena Campbell<br>Chief Magistrate Judge Samuel Alba |

Defendants Barry Minkow ("Minkow") and Fraud Discovery Institute, Inc. ("FDI") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Answer and Defenses of Defendants.

## PRELIMINARY STATEMENT

By Order dated March 4, 2008, the Honorable Chief Judge Tena Campbell dismissed counts One, Two, Three, and Five of Plaintiff's First Amended Complaint, pursuant to the California anti-SLAPP statute. The Court declined to dismiss USANA's remaining section 10b-5 claim for injunctive relief, stating that dismissal of that claim is not proper "at this stage of this litigation."

Although USANA commenced this action in March 2007 it has never moved for injunctive relief, despite the fact that an injunction is now the only remedy available in this action. Consequently, Defendants need not respond in whole or in part to the following sections of the First Amended Complaint: paragraphs 64-83 and 91-94, as well as the specific paragraphs addressing those claims for relief that are no longer part of this suit.

Many of the other paragraphs in the First Amended Complaint contain allegations that relate to the dismissed claims and are now irrelevant. Defendants' response to those allegations is not intended as, and does not constitute an admission that those allegations are now relevant to the action.

## FIRST DEFENSE

1.  Denied.

2.  Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact that are contained in Paragraph 2 of the First Amended Complaint, and they are therefore denied.

3.  Admitted.

4. Admitted.

5. Denied.

6. Defendants admit that they are citizens of the state of California. The remainder of the allegations contained in Paragraph 6 of the First Amended Complaint are denied.

7. Denied.

8. Denied.

9. Denied.

10. Defendants admit that the state with the most significant relations to this action is California, and that California state law applies. Defendants deny that Plaintiffs have suffered any injury through any actions of Defendants.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 11 of the First Amended Complaint, and they are therefore denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 12 of the First Amended Complaint, and they are therefore denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 13 of the First Amended Complaint, and they are therefore denied.

14. Defendants deny the characterizations contained in Paragraph 14 of the First Amended Complaint. Defendants admit that Defendant Minkow's history

renders him uniquely situated to perform the valuable public service of fraud investigation which forms the basis of Defendant FDI's purpose.

15. Defendants deny the characterizations contained in Paragraph 15 of the First Amended Complaint. Defendants admit that they offer products and services to the public in order to educate consumers as to fraudulent activities of individuals, companies, and various organizations. Defendants provide a valuable public service in so exercising their First Amendment rights.

16. The averments set forth in Paragraph 16 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the averments in Paragraph 16 are denied.

17. The averments set forth in Paragraph 17 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny having engaged in a "naked short sale" of Plaintiff's securities as set forth in Paragraph 17.

18. The averments set forth in Paragraph 18 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny having engaged in a "naked short sale" of Plaintiff's securities as set forth in Paragraph 18.

19. The averments set forth in Paragraph 19 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny having engaged in a "naked short sale" of Plaintiff's securities as set forth in Paragraph 19.

20. The averments set forth in Paragraph 20 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny having engaged in a "naked short sale" of Plaintiff's securities as set forth in Paragraph 20.

21. The averments set forth in Paragraph 21 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny having engaged in a "naked short sale" of Plaintiff's securities as set forth in Paragraph 21.

22. The averments set forth in Paragraph 22 of the First Amended Complaint contain legal conclusions to which no response is required. While Plaintiff does not specifically state the name of the case Paragraph 22 addresses, Defendants believe that Plaintiff is referring to *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal.App.4th 688 (Cal. Ct. App. 2007). Paragraph 22 demonstrates that Plaintiff in this case filed an almost identical suit to the one filed by the plaintiff in *Overstock*. However, Judge Campbell's Order, which dismissed all of USANA's state law claims, renders Plaintiff's reliance on *Overstock* wholly without merit.

23. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 23 of the First Amended Complaint, and they are therefore denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 24 of the First Amended Complaint, and they are therefore denied.

25. Defendants admit that Defendants sent a report to the SEC, FBI, and IRS regarding Plaintiff's fraudulent business practices (hereinafter the "Report") on or about February 20, 2007. Defendants also admit that the Report is available for review on Defendant FDI's website. Defendants otherwise deny the characterizations of the report set forth in Paragraph 25.

26. The averments set forth in Paragraph 26 concern a writing (the Report) which speaks for itself, and no response is required. To the extent a response is required, the averments in Paragraph 26 are denied.

27. Admitted.

28. The averments set forth in Paragraph 28 concern a writing (the Report) which speaks for itself, and no response is required. To the extent a response is required, the averments in Paragraph 28 are denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 29 of the First Amended Complaint, and they are therefore denied.

30. The averments set forth in Paragraph 30 concern a writing (the Report) which speaks for itself, and no response is required.

31.     The averments set forth in Paragraph 31 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments in Paragraph 31 are denied.

32.     Denied.

33.     The averments set forth in Paragraph 33 are denied except that Defendants admit that the Report and other information concerning Plaintiff is available on the FDI website.

34.     The averments set forth in Paragraph 34 concern a writing which speaks for itself, and no response is required.

35.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 35 of the First Amended Complaint, and they are therefore denied.

36.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 35 of the First Amended Complaint, and they are therefore denied, except that Defendants admit that legal counsel for Defendants sent a letter on or about March 22, 2007 to Canaccord Adams, Inc.  This letter is a writing which speaks for itself.

37.     The averments set forth in Paragraph 37 concern writings and other media which speak for themselves, and no response is required.  To the extent a response is required, Defendants admit that they have published further information regarding Plaintiff on Defendant FDI's website; Defendants admit having purchased advertisements on the search engine www.google.com regarding

Plaintiff; and Defendants admit to having published videos regarding Plaintiff on the video sharing website www.youtube.com. Defendants deny the characterizations contained in Paragraph 37 of the First Amended Complaint.

38. Denied.

39. Defendants deny that the Report is/was "the opening salvo of a public relations campaign." Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of fact contained in Paragraph 39 of the First Amended Complaint, and they are therefore denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 40 of the First Amended Complaint, and they are therefore denied.

41. Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 41 of the First Amended Complaint, and they are therefore denied.

42. Defendants deny that they engaged in a "public relations campaign" the intent of which was to depress the price of Plaintiff's securities. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of fact contained in Paragraph 42 of the First Amended Complaint, and they are therefore denied.

43. Defendants deny that they engaged in a "public relations campaign" the intent of which was to depress the price of Plaintiff's securities. Defendants are without knowledge or information sufficient to form a belief as to the remaining

allegations of fact contained in Paragraph 42 of the First Amended Complaint, and they are therefore denied.

     44.    Denied.

     45.    Denied.

     46.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 46 of the First Amended Complaint, and they are therefore denied.

     47.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 47 of the First Amended Complaint, and they are therefore denied.

     48.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 48 of the First Amended Complaint, and they are therefore denied.

     49.    Denied.

     50.    The averments set forth in Paragraph 50 concern a writing (the Report) which speaks for itself, and no response is required. To the extent a response is required, the averments set forth in Paragraph 50 are denied.

     51.    The averments of fact set forth in Paragraph 51 concern a writing (the Report) which speaks for itself, and no response is required. To the extent a response is required, the averments set forth in Paragraph 51 are denied.

52.	The averments set forth in Paragraph 52 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments set forth in Paragraph 52 are denied.

53.	The averments set forth in Paragraph 53 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments set forth in Paragraph 53 are denied.

54.	The averments set forth in Paragraph 54 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments set forth in Paragraph 54 are denied.

55.	The averments set forth in Paragraph 55 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments set forth in Paragraph 55 are denied.

56.	The averments set forth in Paragraph 56 concern a writing (the Report) which speaks for itself, and no response is required.  To the extent a response is required, the averments set forth in Paragraph 56 are denied.

57.	Denied.

58.	Denied.

59.	Defendants deny that they engaged in a "public relations campaign and/or illegal market manipulation" the intent of which was to depress the price of Plaintiff's securities.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of fact contained in Paragraph 59 of the First Amended Complaint, and they are therefore denied.

60.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 60 of the First Amended Complaint, and they are therefore denied.

61.     The averments set forth in Paragraph 61 concern a writing (the Report) which speaks for itself, and no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of fact contained in Paragraph 61 of the First Amended Complaint, and they are therefore denied.

62.     Defendants deny that they have engaged in illegal market manipulation of Plaintiff's securities.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of fact contained in Paragraph 62 of the First Amended Complaint, and they are therefore denied.

63.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of fact contained in Paragraph 63 of the First Amended Complaint, and they are therefore denied.

## FOURTH CLAIM FOR RELIEF

84.     Defendants incorporate by reference all prior responses as though fully set forth herein.

85.     The averments set forth in Paragraph 85 of the First Amended Complaint contain legal conclusions to which no response is required.

86. The averments set forth in Paragraph 86 of the First Amended Complaint contain legal conclusions to which no response is required.

87. The averments set forth in Paragraph 87 of the First Amended Complaint contain legal conclusions to which no response is required.

88. Denied.

89. Denied.

90. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that Plaintiff take nothing by way of the Complaint; that the Complaint be dismissed with prejudice and judgment be entered in Defendants' favor and against Plaintiff; that Defendants be awarded their costs of suit; and that Defendants be granted such other further relief as the Court deems just and proper.

Further answering the Complaint, Defendants assert the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendants expressly reserve the right to amend their Answer as additional information becomes available and/or is otherwise discovered.

## SECOND DEFENSE

Plaintiff's First Amended Complaint fails to set forth a claim upon which relief can be granted because, *inter alia*, Plaintiff lacks standing to bring the cause of action set forth in Plaintiff's lone claim for relief.

## THIRD DEFENSE

This Court lacks diversity jurisdiction as Plaintiff's First Amended Complaint fails to satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

## FOURTH DEFENSE

Plaintiff's First Amended Complaint and the lone claim set forth therein is barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## FIFTH DEFENSE

Defendants deny all averments contained in the Complaint not previously denied or admitted.

WHEREFORE, Defendants respectfully pray that Plaintiff take nothing by way of the First Amended Complaint; that the First Amended Complaint be dismissed with prejudice and judgment be entered in Defendants' favor and against Plaintiff; that Defendants be awarded their costs of suit; and that Defendants be granted such other further relief as the Court deems just and proper.

Dated:  May 22, 2008                                    Respectfully Submitted,

                                                     Gregory J. Sanders, USB No. 2858
                                                     KIPP AND CHRISTIAN, P.C.
                                                     10 Exchange Place, 4th Floor
                                                     Salt Lake City, UT  84111
                                                     (801) 521-3773


                                                   /s/ David J. Porter
                                                   Stanley Yorsz
                                                   Pa. I.D. No. 28979
                                                   David J. Porter
                                                   Pa. I.D. No. 66125
                                                   Corrado Salvatore
                                                   Pa. I.D. No. 203639
                                                   BUCHANAN INGERSOLL &
                                                      ROONEY PC
                                                   One Oxford Centre
                                                   301 Grant Street, 20th Floor
                                                   Pittsburgh, PA  15219
                                                   (412) 562-8800

                                                 *Attorneys for Defendants,*
                                                 *Barry Minkow and Fraud Discovery*
                                                 *Institute, Inc.*